**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>CREEKSIDE CANCER CARE, LLC,<br>EIN: 27-0468155,<br><br>Debtor. | Case No. 16-21943-MER<br><br>Chapter 11 |

**STATUS REPORT**

Creekside Cancer Care, LLC (the "**Debtor**"), the debtor and debtor in possession in the above-captioned case, hereby files this Status Report in response to the Court's *Order to File Status Report* (Docket No. 66) and states as follows:

**A.** ***"The nature of the Debtor's business and the circumstances which precipitated the filing of this bankruptcy proceeding."***

1. The Debtor is engaged in business as a cancer care and treatment center, doing business under the name "Colorado CyberKnife." The Debtor provides a range of non-invasive radiation therapy treatment options to its patients. The Debtor's medical campus includes screening and treatment facilities. One of the primary treatment options offered by the Debtor is "CyberKnife" treatment, which is a non-invasive alternative to surgery for the treatment of both cancerous and non-cancerous tumors. Compared to alternative treatments that can take up to nine weeks or dozens of sessions of radiation therapy, an entire CyberKnife treatment plan can be completed in four to five sessions of one hour or less. There are currently over 300 CyberKnife treatment systems located in the United States, 98% of which are in hospitals. The Debtor is a free-standing, non-hospital medical campus that offers CyberKnife treatments at a significant cost savings relative to hospitals.

2. Leading up to the Petition Date, the Debtor generally paid its debts as they came due. The primary cause of the Debtor's chapter 11 filing was its dispute with TomoTherapy Inc.,

1

a wholly owned subsidiary of Accuray, Inc. (together, "**Accuray**"). On or about September 30, 2011, the Debtor and Accuray entered into that certain *Accuray TomoHD System Shared Ownership Agreement* (the "**Agreement**"). Pursuant to the Agreement, the Debtor purchased from Accuray a "TomoTherapy" radiation treatment system. The Agreement provides, among other things, that the Debtor will pay off the purchase price of the TomoTherapy system in monthly installments.

3. Patient demand for use of the TomoTherapy system was substantially lower than anticipated. Revenues generated by the system were substantially less than the monthly amounts payable to Accuray under the Agreement. Revenues from the TomoTherapy system account for only approximately 10% of the Debtor's total revenues. In August 2016, Accuray filed a lawsuit in Boulder County District Court for, *inter alia*, breach of contract and replevin. A four-day trial on the replevin action was set to begin on December 12, 2016, but was stayed due to the Debtor's bankruptcy filing. The amount owing to Accuray under the Agreement is approximately $2.6 million, which the Debtor disputes. One of the chief purposes of this bankruptcy case is to restructure the Accuray debt—either consensually or otherwise—to allow the Debtor to move forward with its business.

B. ***"The Debtor's anticipated changes in operations, insurance coverage, tax liability, use of cash collateral and other matters pertinent to the Debtor's business or reorganization."***

4. The Debtor does not anticipate any material changes in operations, insurance coverage, or tax liability during the pendency of this chapter 11 case.

5. The Debtor's use of cash collateral is currently governed by the Court's *Second Interim Order Granting Expedited Motion of Debtor for Authority to Use Cash Collateral* (Docket No. 80). A final hearing on the use of cash collateral is set for February 10, 2017.

018535\0001\15353097.1

6. The Debtor is not presently aware of any other related matters pertinent to the Debtor's business or reorganization.

C. ***"The Debtor's operating financial projections for the period preceding the filing of a plan of reorganization, a budget for the professionals in the case, whether an unsecured creditors committee has been formed, and any particularities of the case which require resolution."***

7. The Debtor's operating budget for the period preceding the final cash collateral hearing are set forth in the Budget attached to the second interim cash collateral order. The Debtor is currently in the process of negotiating a 3-4 month budget for the period preceding the filing of a plan of reorganization. The 3-4 month budget will be filed in advance of the final cash collateral hearing.

8. To date, the Debtor has retained two professionals: Brownstein Hyatt Farber Schreck, LLP ("**BHFS**") as bankruptcy counsel and Anderson Whitney, P.C. as tax accountants. It is estimated that professional fees will be approximately $25,000 per month, although fees will vary depending on the level of activity in the case. Professionals' fees will only be paid pursuant to Court order.

9. No creditors' committee or other committee has been formed.

10. The Debtor is unaware of any particularities of the case which require a resolution at this time.

D. ***"A proposed schedule for the filing of any required amended schedules, a disclosure statement, a plan of reorganization, a bar date for filing proofs of claims and objections to claims and, if applicable, anticipated avoidance actions or other adversary proceedings which are critical to the reorganization."***

11. The Debtor will file an amended Statement of Financial Affairs ("**SOFA**") and Schedules to reflect certain minor suggestions made by the Office of the U.S. Trustee. The Debtor anticipates filing its amended SOFA and Schedules within the next 10-14 days.

12. The Debtor filed a motion to establish a bar date (Docket No. 78), which the Court granted by order entered January 13, 2017 (Docket No. 79). The general claims bar date is March 8, 2017, and the governmental unit bar date is June 7, 2017. The Debtor does not wish to set a deadline for claims objections at this time, as it is currently anticipated that some or all claims objections will be filed post-confirmation.

13. The Debtor is currently in the process of formulating its plan of reorganization. The Debtor intends to file a plan within its exclusivity period, which expires on April 10, 2017.[1]

14. The Debtor is presently unaware of any anticipated avoidance actions or other adversary proceedings which are critical to the reorganization.

WHEREFORE, the Debtor respectfully submits this Status Report.

DATED: January 18, 2017

Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

*s/ Samuel M. Kidder*
Michael J. Pankow, #21212
Samuel M. Kidder, #49125
410 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
mpankow@bhfs.com
skidder@bhfs.com

*Attorneys for Debtor*

---

[1] The date that is 120 days after the Petition Date is Saturday, April 8, 2017. Pursuant to Bankruptcy Rule 9006(a), the Debtor's exclusivity period thus runs until Monday, April 10, 2017.

018535\0001\15353097.1

## CERTIFICATE OF SERVICE

      I hereby certify that on this 18th day of January, 2017, the foregoing **STATUS REPORT** was filed with the Court via the CM/ECF electronic filing system, which sent notice to all parties registered to receive electronic notices, and was served by placing same via first class mail postage prepaid properly addressed to the following:

Alan K. Motes
Office of the US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294

                                                  *s/ Sheila M. Grisham*
                                                  Sheila M. Grisham