**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>CREEKSIDE CANCER CARE, LLC,<br>EIN: 27-0468155,<br><br>Debtor. | Case No. 16-21943-MER<br><br>Chapter 11 |

**MOTION OF DEBTOR FOR ENTRY OF FINAL ORDER**
**AUTHORIZING USE OF CASH COLLATERAL**

Creekside Cancer Care, LLC (the "**Debtor**"), the debtor and debtor in possession in the above-captioned case, hereby files this motion (the "**Motion**") for the entry of an order pursuant to section 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 4001-3 and 9013-1 of the Local Bankruptcy Rules, authorizing the Debtor's use of cash collateral on a final basis and providing adequate protection to properly perfected secured creditors. In support of this Motion, the Debtor relies upon and incorporates by reference the *Declaration of Matthew O'Rourke in Support of Motion Seeking Expedited Entry of Orders* (the "**O'Rourke Declaration**"), filed on December 16, 2016 (Docket No. 28). In further support of this Motion, the Debtor respectfully states as follows:

**SUMMARY OF RELIEF REQUESTED**

1. The Debtor respectfully requests that the Court enter a final order (the "**Final Order**"),[1] substantially in the form attached hereto, (i) authorizing the Debtor to use cash collateral in accordance with the Budget attached as **Exhibit A** to the proposed Final Order; (ii) granting replacement liens to the Debtor's secured creditors in accordance with their relative priorities; (iii) authorizing the Debtor to make adequate protection payments to secured lender

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the proposed Final Order.

MidFirst Bank ("**MidFirst**"); and (iv) granting related relief, all as described in more detail below.

2.      Pursuant to Bankruptcy Rule 4001(b) and Local Rule 4001-3(2), the Debtor provides the following summary of the relief requested herein:

| Items Required by Bankruptcy Rule 4001(b)(1)(B) ||
|---|---|
| The name of each entity with an interest in the cash collateral. | The following entities have security interests in the cash collateral (each as defined below): MidFirst; CLS; NorthEast Bank; LiftForward.<br><br>The following entities may also assert an interest in the cash collateral (each as defined below): AccuRay and Byline. |
| The purposes for the use of the cash collateral. | To fund the Debtor's ordinary course operations, including rent, payroll, and utilities, in accordance with the Budget. |
| The material terms, including duration, of the use of cash collateral. | The Debtor proposes to use the cash collateral in accordance with the Budget attached hereto.  Unless terminated earlier in accordance with Paragraph 29 of the proposed Final Order, the Debtor's use of Cash Collateral will terminate on June 30, 2017. |
| Any liens, cash payments, or other adequate protection that will be provided to each entity with an interest in the cash collateral. | The Debtor proposes to grant replacement liens to each entity with an interest in the cash collateral pursuant to Bankruptcy Code section 361(2).  *See* Final Order ¶ 21.  The replacement liens will attach to the Debtor's postpetition accounts and income in accordance with the secured creditors' relative prepetition priorities.  All rights of the Debtor and the secured creditors are reserved with respect to relative priority.<br><br>As adequate protection and in consideration of MidFirst's agreement to |

|  | charge postpetition interest at the non-default rate, the Debtor proposes to make adequate protection payments to MidFirst in form of: (1) postpetition interest payments, *see* Final Order ¶ 20, and (2) payment of MidFirst's reasonable attorneys' fees and costs, subject to the limitations set forth in Paragraph 17 of the Final Order. |
|---|---|

| **Items Required by Local Rule 4001-3** ||
|---|---|
| Whether the proposed form of order contains any provision of the type indicated in the appendix at L.B.R. 4001-3(a)App. | Yes, see below. |
| Use of funds limitations. | Cash collateral shall be used in accordance with the Budget, subject to a 10% aggregate monthly variance (except for payment of professionals' fees). Cash collateral shall not be used to sue MidFirst or contest its debt or liens. *See* Final Order ¶ 41. |
| Protections afforded under 11 U.S.C. §§ 363 and 364. | Replacement liens and adequate protection payments, as described above. |

| **Items Required by L.B.R. 4001-3(a)App.** ||
|---|---|
| Cross-collateralization clauses. | None. |
| Provisions or findings of fact that bind the estate or all parties in interest with respect to the validity, perfection or amount of the secured party's lien or debt. | The Final Order contains provisions that bind the estate as to the validity, amount, and perfection of MidFirst's secured claims. *See* Final Order ¶¶ 6-10. The justification for these provisions is that the Debtor is unaware of any basis to contest the validity, amount, or perfection of the MidFirst claims and such admissions were an essential part of the bargain negotiated between the Debtor and MidFirst. |
| Provisions or findings of fact that bind the | None. The Final Order contains no |

3

018535\0004\15433770.1

| | |
|---|---|
| estate or all parties in interest with respect to the relative priorities of the secured party's lien and liens held by parties who are not party to the stipulation. | findings or admissions as to the relative priorities of secured lenders except for an admission that MidFirst holds a first priority deed of trust on the Debtor's real property located at 120 Old Laramie Trail, Lafayette, CO. |
| Waivers of 11 U.S.C. § 506(c). | Except as to professionals' fees, regarding which the Debtor's and MidFirst's rights are reserved, MidFirst's collateral shall not be subject to surcharge under section 506(c). *See* Final Order ¶ 43. The section 506(c) waiver is justified in this case because the Debtor and MidFirst have negotiated a detailed Budget governing the Debtor's use of cash collateral. MidFirst requested the inclusion of the section 506(c) waiver as consideration for its agreement to consent to the Debtor's use of cash collateral consistent with the Budget. |
| Provisions that operate, as a practical matter, to divest the debtor-in-possession of any discretion in the formulation of a plan, administration of the estate or limit access to the court to seek any relief under other applicable provisions of law. | The Final Order provides that the Debtor shall not use MidFirst's cash collateral or proceeds thereof to bring claims against MidFirst or challenge its secured claims. *See* Final Order ¶ 41. In addition, the filing of an adversary proceeding against MidFirst is grounds for termination of the Debtor's ability to use cash collateral. *See* Final Order ¶ 29. These provisions are justified because they were provided in consideration of MidFirst's agreement to consent to the Budget and to charge postpetition interest at the non-default rate. Moreoever, the Debtor does not believe there is any basis for claims against MidFirst or challenges to its debt. |
| Releases of liability for the creditor's alleged prepetition torts or breaches of contract. | The Debtor is not aware of any claims against MidFirst, and to the extent that any claims may exist, waives all claims or causes of action against MidFirst, its officers, directors, employees, attorneys, advisors and representatives relating to or arising in connection with the MidFirst Loan Documents, the MidFirst |

4

| | |
|---|---|
| | Obligations, or any security therefore, including but not limited to any defenses or challenges of Debtor to the validity, extent, perfection, or enforceability of any liens, security interests, claims, or causes of action of MidFirst. *See* Final Order ¶ 9. This provision is justified because it was provided in consideration of MidFirst's agreement to consent to the Budget and to charge postpetition interest at the non-default rate. Moreoever, the Debtor does not believe there is any basis for claims against MidFirst or challenges to its debt. |
| Waivers of avoidance actions arising under the Bankruptcy Code. | The waiver of claims against MidFirst set forth in Paragraph 9 of the Final Order encompasses avoidance claims against MidFirst. This provision is justified because it was provided in consideration of MidFirst's agreement to consent to the Budget and to charge postpetition interest at the non-default rate. Moreoever, the Debtor does not believe there is any basis for claims against MidFirst or challenges to its debt. |
| Automatic relief from the automatic stay upon default, conversion to chapter 7, or appointment of a trustee. | None. |
| Waivers of the procedural requirements for foreclosure mandated under applicable non-bankruptcy law. | None. |

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over the Debtor, its estate, and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are section 363 of the Bankruptcy Code and Bankruptcy Rule 4001.

## BACKGROUND

A. **General Background.**

4. On December 9, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor is operating its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established in this case.

6. The Debtor is engaged in business as a cancer care and treatment center. The Debtor provides a range of non-invasive radiation therapy treatment options to its patients. The Debtor is based in Lafayette, CO.

7. Additional factual background regarding the Debtor is set forth in the O'Rourke Declaration.

B. **Creditors With a Claimed Interest in Cash Collateral.**

8. The cash collateral is derived primarily from collection of the Debtor's accounts receivable. As of the date hereof, the Debtor's accounts receivable total approximately $700,000.

9. As set forth in the O'Rourke Declaration, several secured creditors claim an interest in the Debtor's cash collateral by virtue of their security agreements and UCC filings.

10. MidFirst Bank ("**MidFirst**") is a secured creditor with two secured claims against the Debtor. MidFirst holds a claim in the principal amount of $2,407,472.37, secured by substantially all assets of the Debtor pursuant to a Business Loan Agreement dated as of March 8, 2013 (as amended) by and between the Debtor and Steele Street Bank & Trust (as predecessor-in-interest to MidFirst) and perfected with a UCC Financing Statement filed on March 14, 2013. This loan was issued pursuant to the U.S. Small Business Administration's

CDC/504 loan program. MidFirst also holds a claim in the principal amount of $212,786.80, secured by, *inter alia*, the Debtor's accounts and proceeds thereof pursuant to a Business Loan Agreement dated as of April 17, 2013 (as amended) by and between the Debtor and Steele Street Bank & Trust (as predecessor-in-interest to MidFirst) and perfected with a UCC Financing Statement filed on April 18, 2013.

11. Colorado Lending Source, Ltd. ("**CLS**"), is a secured creditor with a secured claim in the approximate amount of $1,588,592. The claim of CLS is secured by substantially all assets of the Debtor pursuant to that certain Security Agreement dated as of November 5, 2013 and perfected with a UCC Financing Statement filed on November 5, 2013. This loan is also part of the SBA's CDC/504 loan program.

12. LiftForward, Inc. is a secured creditor with a secured claim in the approximate amount of $63,166.12. LiftForward's claim is secured by substantially all assets of the Debtor pursuant to that certain LiftForward Credit Agreement dated as of September 21, 2015 and perfected with a UCC Financing Statement filed on September 29, 2015.

13. Northeast Bank is a secured creditor with a secured claim in the approximate amount of $1,750,000. Northeast Bank's claim is secured by substantially all assets of the Debtor pursuant to that certain Security Agreement—Commercial dated as of October 13, 2015 and perfected with a UCC Financing Statement filed on October 14, 2015.

14. In addition to the foregoing secured creditors, the following entities may claim a security interest in the Debtor's cash collateral:

    a) TomoTherapy Incorporated, a wholly owned subsidiary of Accuray Incorporated ("**Accuray**") pursuant to that certain Accuray TomoHD System Shared Ownership Agreement dated as of September 30, 2011 by and between the Debtor and Accuray. On January 11, 2012, Accuray filed a UCC Financing Statement covering certain equipment and "proceeds generated by [the Debtor] therefrom."

    b) Byline Financial Group, as successor-in-interest to Baytree National Bank & Trust Company ("**Baytree**") pursuant to that certain Lease Agreement dated as of June 6, 2013 by and between the Debtor and Baytree. Byline is owed approximately $31,284 under the capital lease. On June 17, 2013, Baytree filed a UCC Financing Statement covering substantially all assets of the Debtor.

C.    **Use of Cash Collateral**

15.    The Debtor's revenues are derived from the provision of cancer and tumor treatment services. Revenues are received from customers directly and from insurers. All customer and insurer revenue is generally cash collateral. The Debtor is replacing its accounts and cash in the ordinary course of operations on a daily basis.

16.    In order to maintain ongoing operations, the Debtor needs to pay for operating expenses such as employee wages, utilities, insurance, rent, equipment maintenance, and other expense items accompanying the budget attached to the proposed Final Order as **Exhibit A** (the "**Budget**"). If the Debtor is not permitted to use cash collateral, the Debtor will not be able to pay its ordinary course expenses and its operations will cease.

D.    **Prior Cash Collateral Motion and Orders**

17.    On December 16, 2016, the Debtor filed its *Expedited Motion of Debtor for Authority to Use Cash Collateral* (Docket No. 26) (the "**Initial Motion**"). On December 23, 2016 and January 13, 2017, the Court entered interim orders authorizing the Debtor to use cash collateral (Docket Nos. 44 & 80). On February 10, 2017, the Court held a further hearing on the Initial Motion. At the hearing, the Debtor stated that it had reached agreement with MidFirst on a form of proposed Final Order. The Court entered an additional interim order (Docket No. 105) and requested that the Debtor send the proposed Final Order out on notice to creditors. *See* Minute Order (Docket No. 104). This Motion follows.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

18. The Debtor plans to continue operation of its business throughout this chapter 11 case and propose a plan of reorganization that provides for the continuation of the Debtor's business. It is only through a plan and the continued operation of the business that unsecured creditors will receive a substantial recovery on account of their claims.

19. In order to pay necessary operating expenses, the Debtor must use cash collateral in which one or more creditors may have an interest. Without the use of cash collateral, the Debtor will have insufficient funding for business operations. The Debtor does not have material unencumbered cash. Therefore, the Debtor's use of cash collateral during the interim period is necessary to avoid immediate and irreparable harm to the estate. Without the use of cash collateral, the Debtor will not be able to pay employees, rent, utilities, and other costs associated with treatment services provided.

20. The Debtor will be replacing its accounts, cash, and cash equivalents in the course of its daily operations and therefore the collateral base will remain stable and is expected to improve over time. The Debtor's cash position is expected to be positive after meeting expenses during the term of this chapter 11 case.

21. In order to provide adequate protection for the Debtor's use of cash collateral to secured creditors, the Debtor has proposed adequate protection for secured creditors in the order of their relative priorities as set forth below. The proposed Final Order provides, among other things, the following treatment on account of cash collateral:

   a) The Debtor will provide secured creditors with a postpetition lien on all postpetition accounts and income derived from the operation of the business and assets, to the extent that the use of the cash results in a decrease in the value of the secured creditors' interest in the collateral pursuant to 11 U.S.C. § 361(2), *see* Final Order ¶ 21;

9

b) The Debtor will only use cash collateral in accordance with the Budget attached to the Final Order as **Exhibit A** subject to an aggregate monthly deviation not to exceed 10% without the prior agreement of MidFirst or an order of the Court, *see id.* ¶ 17;

c) The Debtor will keep all collateral fully insured, *see id.* ¶ 22; and

d) The Debtor will provide adequate protection to MidFirst in the form of (i) postpetition Interest Payments, *see id.* ¶ 20, and payment of reasonable attorneys' fees and costs, subject to the limitations set forth in Paragraph 17 of the Final Order.

22. Should the Debtor default in the provision of adequate protection, the Debtor's approved use of cash collateral will cease and the secured creditors will have the opportunity to obtain further relief from this Court.

23. The Debtor's request to use cash collateral is made with a complete reservation of rights of secured creditors to their various lien positions in and to the Debtor's assets.

24. Approval of the Debtor's use of cash collateral in accordance with this Motion is in the best interest of the Debtor, its creditors, and the estate, as it will allow the Debtor to maintain its ongoing business operations, allow the Debtor to generate revenue, and provide the Debtor with an opportunity to propose a meaningful chapter 11 plan.

## NOTICE AND HEARING

25. Notice of this Motion will be provided in compliance with applicable Bankruptcy Rules and Local Rules, as set forth in the Certificate of Service attached hereto and the Notice filed concurrently herewith.

26. If necessary, the hearing on this Motion will be held on March 3, 2017, at 9:30 a.m. *See* Minute Order (Docket No. 104).

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtor respectfully requests this Court enter a Final Order, substantially in the form attached hereto, authorizing the Debtor to use cash collateral and granting such other and further relief as is just and proper.

Dated February 10, 2017.

Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

*s/Samuel M. Kidder*
Michael J. Pankow, #21212
Samuel M. Kidder, #49125
410 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
mpankow@bhfs.com
skidder@bhfs.com

*Attorneys for Debtor*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of February, 2017, the foregoing MOTION OF DEBTOR FOR ENTRY OF FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating the CM/ECF system, and was served by placing same via first class mail postage prepaid properly addressed to all parties listed on the attached mailing matrix.


                                        */s/ Sheila M. Grisham*
                                  Sheila M. Grisham, Paralegal

018535\0004\15433770.1

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1082-1<br>Case 16-21943-MER<br>District of Colorado<br>Denver<br>Fri Feb 10 11:35:16 MST 2017 | AG Adjustments, Ltd (assignee of Google)<br>Attn: Paula Tillem or Sean Morris<br>740 Walt Whitman Rd<br>Melville, NY 11747-2212 | AXA Life Insurance<br>P.O. Box 1047<br>Charlotte, NC 28201-1047 |
| Steven E. Abelman<br>410 Seventeenth St<br>22nd floor<br>Denver, CO 80202-4437 | Accuray<br>1310 Chesapeake Terrace<br>Sunnyvale, CA 94089-1100 | Airgas<br>PO Box 1152<br>Tulsa, OK 74101-1152 |
| Airgas USA, LLC<br>110 West 7th St Suite 1400<br>Tulsa, OK 74119-1077 | Anatome<br>Attn: Jeff Kuligowski<br>7505 Fannin St., Suite 442<br>Houston, TX 77054-1945 | Anderson & Whitney<br>5801 West 11th Street, Suite 300<br>Greeley, CO 80634-4813 |
| Andrew Fitts<br>PO Box 13527<br>Seattle WA 98198-1008 | Anthem Blue Cross Blue Shield<br>PO Box 51011<br>Los Angeles, CA 90051-5311 | Anthony Cody<br>120 Old Laramie Trl E<br>Lafayette, CO 80026-7012 |
| Apple Financial Services<br>P.O. Box 3072<br>Cedar Rapids, IA 52406-3072 | Ascentium Capital<br>PO Box 301593<br>Dallas, TX 75303-1593 | BS Holdings, LLC<br>120 Old Laramie Trail E<br>Lafayette, CO 80026-7012 |
| Bayer Healthcare<br>PO Box 360172<br>Pittsburgh, PA 15251-6172 | Baytree / Byline Leasing<br>721 N. McKinley Rd #200<br>Lake Forest, IL 60045-1849 | Mark F. Bell<br>360 S. Garfield St.<br>Ste. 600<br>Denver, CO 80209-3136 |
| Block Imaging<br>1845 Cedar Street<br>Holt, MI 48842-1757 | Bonnie Sorden<br>408 Elk Trail<br>Lafayette, CO 80026-9085 | Brian Thorndyke<br>120 Old Laramie Trl E<br>Lafayette, CO 80026-7012 |
| Brittany Barnes<br>9100 Vance St.<br>Westminster, CO 80021-7021 | Byline Financial Group<br>721 N. McKinley Rd.<br>Lake Forest, IL 60045-1849 | Chad S. Caby<br>1200 17th St.<br>Suite 3000<br>Denver, CO 80202-5855 |
| Centennial Radiation Oncology, P.C.<br>120 Old Laramie Trail E<br>Lafayette, CO 80026-7013 | Century Link<br>PO Box 52187<br>Phoenix, AZ  85072-2187 | Century Link<br>PO Box 91155<br>Seattle, WA 98111-9255 |
| Charles Kelley Simpson, Dr.<br>7730 Park Ridge Circle<br>Fort Collins, CO 80528-8908 | Chris Noonan<br>120 Old Laramie Trl E<br>Lafayette, CO 80026-7012 | City of Lafayette<br>1290 South Public Rd<br>Lafayette, CO 80026-2706 |

| | | |
|---|---|---|
| Coal Creek Investment Leasing Co<br>140 Old Laramie Trl E<br>Lafayette, CO 80026-7016 | Coal Creek Investment Leasing Company, LLC<br>120 Old Laramie Trail E<br>Lafayette, CO 80026-7012 | Cogent / ACEI<br>PO Box 791087<br>Baltimore, MD 21279-1087 |
| Colorado Department Of Revenue<br>1375 Sherman St.<br>Room 504<br>Attention Bankruptcy Unit<br>Denver CO 80261-3000 | Colorado Lending Source<br>518 17th St, 18th Floor<br>Denver, CO 80202-4117 | Colorado Lending Source, Ltd.<br>1441 18th Street<br>Suite 100<br>Denver, CO 80202-5932 |
| Aaron J. Conrardy<br>1660 Lincoln St.<br>Ste. 2200<br>Denver, CO 80264-2202 | Cottonwood Office Partners, LLC<br>16427 N Scottsdale Rd., Ste 410<br>Scottsdale, AZ 85254-7102 | Creekside Cancer Care, LLC<br>120 Old Laramie Trail E<br>Lafayette, CO 80026-7012 |
| Dave Hahn<br>399 Becham Drive<br>San Jose, CA 95123-5605 | Michael J. Davis<br>6795 E. Tennessee Ave.<br>Ste. 330<br>Denver, CO 80224-1691 | Deborah Thompson<br>1819 Enfield St.<br>Ft. Collins, CO 80526-5549 |
| Bradford E. Dempsey<br>3200 Wells Fargo Center<br>1700 Lincoln St.<br>Denver, CO 80203-4500 | Direct Capital<br>155 Commerce Way<br>Portsmouth, NH 03801-3243 | Donald E. Benjamin Living Trust<br>PO Box 544<br>Tesuque, NM 87574-0544 |
| Dryland Stucco Inc<br>PO Box 270626<br>Fort Collins, CO 80527-0626 | Drylands Stucco<br>PO Box 270626<br>Fort Collins, CO 80527-0626 | El Milagro<br>8711 E . Pinnacle Rd., #141<br>Scottsdale, AZ 85255 |
| Eldorado Water<br>PO Box 172526<br>Denver, CO 80217-2526 | Everbank Commercial Finance<br>10 Waterview Blvd<br>Parsippany, NJ 07054-7607 | Everbank Commercial Finance, Inc.<br>PO Box 911608<br>Denver, CO 80291-1608 |
| Everbank Leasing<br>PO Box 911608<br>Denver, CO 80291-1608 | FCF<br>PO Box 1358<br>Grand Junction, CO 81502-1358 | Farber Medical Solutions<br>951 Old Clinton Rd #20<br>Westbrook, CT 06498-1786 |
| Fire Alarm Services<br>4800 W 60th Ave<br>Arvada, CO 80003-6915 | First Bank<br>10403 West Colfax Ave<br>Denver, CO 80215-3811 | Google Adwords / AG Adjustments Ltd.<br>740 Walt Whitman Rd<br>Melville NY 11747-2212 |
| Guardian<br>PO Box 824404<br>Philadelphia, PA 19182-4404 | Hamilton Linen<br>P.O. Box 843348<br>Kansas City, MO 64184-3348 | Hogan Lovells US LLP<br>Attn: Mark Heimlich<br>1601 Wewatta St., Suite 900<br>Denver, CO 80202-6314 |

| | | |
|---|---|---|
| IRS<br>PO Box 7346<br>Philadelphia PA 19101-7346 | Key Business Strategies, Inc.<br>986 Berganot Trail<br>Castle Pines, CO 80108-3627 | Samuel M. Kidder<br>410 17th St., Ste. 2200<br>Denver, CO 80202-4432 |
| LEAF<br>P.O. Box 742647<br>Cincinnati, OH 45274-2647 | LEAF Capital Funding, LLC<br>2005 Market St 14th Floor<br>ATTN: Legal Dept<br>Philadelphia, PA 19103-7009 | LEAF Capital Funding, LLC<br>PO Box 742647<br>Cincinnati, OH 45274-2647 |
| David B. Law<br>1900 W. Littleton Blvd.<br>Littleton, CO 80120-2023 | Lift Forward<br>261 Madison Avenue<br>New York, NY 10016-2303 | LiftForward, Inc<br>c/o Jeffrey Rogers<br>180 Maiden Lane, 10 Floor<br>New York, NY 10038-5178 |
| Linde (MRI Helium)<br>PO Box 100691<br>Pasadena, CA 91189-0003 | MacPractice<br>233 N 8th, Ste 300<br>Lincoln, NE 68508-1490 | Matthew O'Rourke<br>120 Old Laramie Trl E<br>Lafayette, CO 80026-7012 |
| McKesson Medical Surgical<br>PO Box 660266<br>Dallas, TX 75266-0266 | McKesson Specialty<br>PO Box 841838<br>Dallas, TX 75284-1838 | MedPro Medical Waste<br>PO Box 5683<br>Chicago, IL 60680-5683 |
| Mercedes Gamez<br>11405 East 111th Ave.<br>Henderson, CO 80640-7706 | MidFirst Bank<br>555 17th St., Ste 150<br>Denver, CO 80202-3913 | Mile High Outdoor / Greenberg & Sada, P.C.<br>770 W. Hampden Ave #227<br>Englewood, CO 80110-2152 |
| Morning Star Elevator<br>16165 Cliffrock Court<br>Colorado Springs, CO 80921-3728 | Alan K. Motes<br>Byron G. Rogers Federal Building<br>1961 Stout St.<br>Ste. 12-200<br>Denver, CO 80294-6004 | Northeast Bank<br>200 Berkeley Street<br>P.O. Box 171679<br>Boston, MA 02117-3523 |
| Brandan Oliver<br>3200 Wells Fargo Center, 1700 Lincoln St<br>Denver, CO 80203 | Michael J. Pankow<br>410 17th St.<br>22nd Fl.<br>Denver, CO 80202-4437 | Paul L. Vosburgh Revocable Trust<br>PO Box 36060<br>Albuquerque, NM 87176-6060 |
| Philadelphia Indemnity Insurance<br>P.O. Box 2057<br>Kalispell, MT 59903-2057 | Philips Medical Capital<br>P.O. Box 92449<br>Cleveland, OH 44193-0003 | Pinnacol<br>P.O. Box 561434<br>Denver, CO 80256-0001 |
| Qwest Corp. dba<br>CenturyLink Communications LLC<br>1801 California St., Rm 900<br>Denver, CO 80202-2609 | Royal Bank America Leasing, LP<br>550 Township Line Rd., Ste. 425<br>Blue Bell, PA 19422-2734 | Royal Bank Leasing<br>550 Township Line Rd, Ste 425<br>Blue Bell, PA 19422-2734 |

| | | |
|---|---|---|
| Securities and Exchange Commission<br>Central Regional Office<br>1961 Stout St.<br>Ste. 1700<br>Denver CO 80294-1700 | Securities and Exchange Commission<br>Midwest Regional Office<br>175 W. Jackson Blvd.<br>Ste. 900<br>Chicago IL 60604-2815 | Security & Exchange Commission<br>Central Regional Office<br>1801 California St.<br>Ste. 1500<br>Denver CO 80202-2656 |
| Sherman & Howard, L.L.C.<br>Attn: Alan Roets<br>633 Seventeenth Street, Suite 3000<br>Denver, CO 80202-3622 | Siemens Medical Solutions USA, Inc.<br>Attn: JoAnn McDonough<br>40 Liberty Boulevard<br>Mail Code 40-2W<br>Malvern, PA 19355-1418 | (p)SPRINT NEXTEL CORRESPONDENCE<br>ATTN BANKRUPTCY DEPT<br>PO BOX 7949<br>OVERLAND PARK KS 66207-0949 |
| Summit Funding Group, Inc.<br>Lease Administration Center<br>Dept. 3500<br>4680 Parkway Drive, Suite 300<br>Mason, OH 45040-7979 | Summit Lease Administration<br>Lease Administration Center Dept. 3500<br>4680 Parkway Dr., Suite 300<br>Mason, OH 45040-7979 | Susquehanna Commercial Finance, Inc.<br>2 Country View Road, Suite 300<br>Malvern, PA 19355-1420 |
| TomoTherapy, Inc.<br>Attn: Stan Gee<br>1310 Chesapeake Terrace<br>Sunnyvale, CA 94089-1100 | Travelers<br>PO Box 660317 443 Crown Pt Cir, Ste A<br>Grass Valley, CA 95945-9557 | Trethan-Goswick, L.L.C.<br>Attn:  Troy Gillenwater<br>PO Box 2335<br>Carefree, AZ 85377-2335 |
| U.S. Small Business Administration<br>Disaster Assistance<br>Processing and Disbursement Center<br>14925 Kingsport Road<br>Fort Worth, TX 76155-2243 | U.S. Small Business Administration<br>Jonathan Braun, Attorney<br>721 19th Street<br>Suite 426<br>Denver, CO 80202-2517 | US Trustee<br>Byron G. Rogers Federal Building<br>1961 Stout St.<br>Ste. 12-200<br>Denver, CO 80294-6004 |
| United States Small Business Administration<br>409 3rd St. SW<br>Washington, DC 20416-0005 | United States Small Business Administration<br>Colorado District Office<br>721 19th St., Suite 426<br>Denver, CO 80202-2517 | David Wadsworth<br>1660 Lincoln St.<br>Ste. 2200<br>Denver, CO 80264-2202 |
| Wells Fargo<br>SBA 504 Program<br>9062 Old Annapolis Road<br>Columbia, MD 21045-2479 | Western Equipment Finance<br>503 HWY 2 W<br>Devils Lake, ND 58301-2938 | Western Equipment Finance<br>PO Box 640<br>Devils Lake, ND 58301-0640 |
| Xcel Energy<br>PO Box 9477<br>Minneapolis, MN 55484-9477 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Sprint
PO Box 4181
Carol Stream, IL 60197

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u) Anderson & Whitney, P.C.          (u)Accuray Inc.                 (u)FirstBank

(u)LiftForward, Inc.                  (u)MidFirst Bank                (u)Northeast Bank

End of Label Matrix
Mailable recipients    111
Bypassed recipients      6
Total                  117